**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | **No. 1:23-cv-10226** |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| THOMAS ZEUMER, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Jane Doe, by and through her attorneys, Fegan Scott LLC and Adams, Duerk &

Kamenstein LLP, for her Complaint against Thomas Zeumer, alleges as follows:

**INTRODUCTION**

1.      This action is brought pursuant to the New York Adult Survivors Act ("ASA"),

CPLR § 214-J, as it alleges physical, psychological, and emotional injuries and damages suffered

as a result of conduct that constitutes sexual offenses as defined by § 130 of the New York Penal

Law committed against a person who is eighteen years of age or older.

**PARTIES**

2.      Plaintiff Jane Doe is a resident of California and a citizen of the United States.

3.      Defendant Thomas Zeumer is, on information and belief, a resident of New York.

Zeumer calls himself a "modeling super-agent who brought the world Heidi Klum, Eva

Herzigova, Claudia Schiffer, and many other recognizable faces…."

**JURISDICTION AND VENUE**

4.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332

because the amount in controversy exceeds $75,000 and Plaintiff is a resident of a foreign state.

5.      Venue for this action is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because, on information and belief, Defendant resides in this District and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

**FACTS**

6.      At the top of the modeling world in the early 1990s, agent Thomas Zeumer founded and was the President and CEO of Metropolitan Models in New York City, where he was known for discovering and managing several well-known supermodels.

7.      Introduced to Zeumer through a family connection in the entertainment industry, Jane Doe signed with Metropolitan Models in or about 1991 in her early 20s.

8.      As a working model, Jane Doe worked directly with Zeumer in his role as her agent, relied on Zeumer for direction, and trusted that he would protect her best interests.

9.      At no time during the course of Metropolitan Model's representation of her did Jane Doe express an interest in a personal relationship or sexual intimacy with Zeumer.

10.     In or about the summer of 1991, Jane Doe and Zeumer attended a dinner meeting in New York City to discuss her modeling career.

11.     During the course of the dinner, Jane Doe blacked out.

12.     Because of her incapacitated state, Jane Doe does not recall leaving the restaurant or how she got to the next location.

13.     Because of her incapacitated state, Jane Doe could not walk steadily. Jane Doe recalls Zeumer holding her up and walking her into a New York City apartment after dinner.

14.     Jane Doe recalls waking up on a couch with Zeumer on top of her penetrating her vagina with his penis, confused on why he would be doing so. Jane Doe then lost consciousness

again.

15.     When Jane Doe regained consciousness, she became distraught at her recollection that Zeumer had raped her. Crying hysterically, she telephoned her boyfriend to pick her up from the apartment.

16.     The next day, Jane Doe saw Zeumer. Zeumer told Jane Doe that he was sending her to Europe to work on her modeling book. Extremely distressed that Zeumer had raped her and believing that Zeumer intended to send her to Europe to be sexually abused by other industry executives, Jane Doe declined to go and disengaged from Metropolitan Models.

17.     As a result of Zeumer's actions, Jane Doe has been damaged physically and mentally, and her modeling career was irreparably damaged.

18.     While Jane Doe left the modeling industry due to Zeumer's actions, Jane Doe focused her energies on her acting career where she gained early success. Jane Doe brings this action not only to recover the damages to her but also to protect other aspiring models who Zeumer may target using her name and other names of supermodels.

## STATUTE OF LIMITATIONS

### A.  This action is timely under CPLR 214-J (The Adult Survivors Act).

19.     Count I alleges intentional acts for physical, psychological, and other injuries suffered as a result of conduct that would constitute sexual offenses as defined by § 130 of the New York Penal Law committed against a person who is eighteen years of age or older.

20.     Such claims have been revived by CPLR 214-j and may be commenced between November 24, 2022 and November 24, 2023.

21.     The underlying conduct described herein constitutes, *inter alia*, the following crimes under New York Law: New York Penal Law § 130.25 (rape in the third degree); §130.30

3

(rape in the second degree); §130.35 (rape in the first degree); § 130.40 (criminal sexual act in the third degree); § 130.52 (forcible touching); and/or § 130.55 (sexual abuse in the third degree).

22.     Each of the acts constituting sexual conduct was done without Jane Doe's express or implied consent.

### B. This action is timely under New York City Administrative Code § 10-1104.

23.     Count II is timely under New York City Administrative Code § 10-1104, which provides an independent cause of action for plaintiffs who are injured by a party who enables, participates in, or conspires in the commission of a crime of violence motivated by gender. Causes of action that would otherwise be barred due to a statute of limitations are revived for the period of March 1, 2023 to March 1, 2025 under this statute.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### CIVIL BATTERY

24.     Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

25.     Zeumer committed a battery against Plaintiff because he intentionally engaged in unlawful, intentional and offensive touching or application of force to Plaintiff's person.

26.     As a result of Defendant's conduct, Jane Doe has suffered physical injury, severe emotional distress, humiliation, embarrassment, anxiety, economic harm and other consequential damages.

27.     The conduct of Zeumer described above was willful, wanton and malicious. At all relevant times, Zeumer acted with conscious disregard of Plaintiff's rights and feelings, acted with the knowledge of or with reckless disregard for the fact that his conduct was certain to

cause injury and/or humiliation to Plaintiff, and intended to cause fear, physical injury and/or pain and suffering to Plaintiff.

28.     By virtue of the foregoing, Plaintiff is entitled to recover punitive and exemplary damages from Thomas Zeumer according to proof at trial.

**SECOND CAUSE OF ACTION**
**VIOLATION OF NEW YORK CITY**
**ADMINISTRATIVE CODE § 10-1104**

29.     Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

30.     New York's "Victims of Gender-Motivated Violence Protection Law" permits any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender to recover compensatory and punitive damages, and attorney's fees and costs. New York City Administrative Code § 10-1101, *et seq*.

31.     Here, Zeumer engaged in a crime of violence against Jane Doe as described above, which would constitute a misdemeanor as defined in state law.

32.     Zeumer's crime of violence against Jane Doe was committed because of her gender or on the basis of gender.

33.     Accordingly, Defendant is liable to Jane Doe under the Victims of Gender-Motivated Violence Protection Law for compensatory and punitive damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Court find in favor of Jane Doe, enter judgment against Defendant, award compensatory and punitive damages, and attorney's fees and costs, and grant such other and further relief as this Court deems appropriate.

Dated: November 21, 2023                    JANE DOE, Plaintiff

                                            By: */s/ Melissa Clark*
                                            Melissa Clark
                                            FEGAN SCOTT LLC
                                            140 Broadway, 46th Floor
                                            New York, New York 10005
                                            Ph: 630.273.2625
                                            melissa@feganscott.com

                                            Elizabeth A. Fegan (to be admitted *pro hac*
                                            *vice*)
                                            FEGAN SCOTT LLC
                                            150 S. Wacker Dr., 24th Floor
                                            Chicago, IL 60606
                                            Ph: 312.741.1019
                                            beth@feganscott.com

                                            Christine Adams (to be admitted *pro hac*
                                            *vice*)
                                            ADAMS, DUERK & KAMENSTEIN LLP
                                            445 S. Figueroa St., Suite 2300
                                            Los Angeles, CA 90071
                                            213.408.4082
                                            Christine.Adams@adkfirm.com

                                            *Counsel for Plaintiff*