```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
JANE DOE,

                Plaintiff,

    -against-

THOMAS ZEUMER,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/14/2024
```

23 Civ. 10226 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Court has reviewed the parties' stipulation in which Defendant does not object to Plaintiff proceeding via pseudonym. ECF No. 22.

    "The title of [a] complaint must name all parties." Fed. R. Civ. P. 10(a). However, courts have "carved out a limited number of exceptions to the general requirement of disclosure of the names of parties, which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (cleaned up). "[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* In determining whether a plaintiff may be allowed to maintain an action under a pseudonym, courts can consider the following "non-exhaustive" list of factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189–90 (cleaned up). Defendants' consent via stipulation bears on some but not all of these factors and, therefore, does not end the inquiry.

Accordingly:

1. The Court shall not so-order the stipulation.
2. By **February 21, 2024**, Plaintiff shall submit a letter motion to proceed via pseudonym, addressing the *Sealed Plaintiff* factors.
3. By **February 26, 2024**, Defendant shall respond via letter and may state, if applicable, that it does not oppose Plaintiff's letter motion.

SO ORDERED.

Dated: February 14, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge