UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/06/2024
```

JANE DOE,

                Plaintiff,

-against-

THOMAS ZEUMER,

                Defendant.

23 Civ. 10226 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    By letter dated February 28, 2024, Plaintiff seeks an order permitting her to proceed via pseudonym. Mot., ECF No. 26. For the reasons stated below, Plaintiff's motion is GRANTED.

    "The title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). However, courts have "carved out a limited number of exceptions to the general requirement of disclosure of the names of parties, which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (cleaned up). "[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* In determining whether a plaintiff may be allowed to maintain an action under a pseudonym, courts consider the following "non-exhaustive" list of factors:

    (1) whether the litigation involves matters that are highly sensitive and of a personal nature, . . . (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties, . . . (3) whether identification presents other harms and the likely severity of those harms, . . . including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity, . . . (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, . . . particularly in light of [her] age, . . . (5) whether the suit is challenging the actions of the government or that of private parties, . . . (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, . . . (7) whether the plaintiff's identity has thus far been kept confidential, . . . (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity, . . . (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, . . . and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (cleaned up).

First, Plaintiff alleges that Defendant raped her in 1991.  Compl. ¶¶ 10–15, ECF No. 1. Allegations of sexual assault involve "highly sensitive" matters of a "personal nature," weighing in favor of anonymity.  *Doe v. Gooding*, No. 20 Civ. 6569, 2022 WL 1104750, at *4 n.7, *5 (S.D.N.Y. Apr. 13, 2022); *see Doe No. 2. v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2005).

The second through fourth factors weigh the harms posed to Plaintiff by disclosure.  Plaintiff faces the potential of retaliatory mental harm if her identity were disclosed.  Doe Decl. ¶ 14, ECF No. 26-1; *Doe v. New York Univ.*, 537 F. Supp. 3d 483, 496–97 (S.D.N.Y. 2021) (holding that the risk of exposure "to potential online retaliation" weighed in the plaintiff's favor).  Plaintiff previously "spoke publicly about being sexually assaulted by a public figure in the movie industry."  Doe Decl. ¶ 14.  She was "brutally attacked online and verbally in-person for speaking out publicly, and suffered tremendous anxiety and suicidal ideation as a result."  *Id*.  Her psychologist states that another similar experience "would easily compromise Ms. Doe's health and mental health."  Flanigan Decl. ¶ 4, ECF No. 26-2; *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94–95 (S.D.N.Y. 2020) (seeking "medical corroboration" for mental injury).  And, Plaintiff, who has a "public-facing career in the acting industry," says she has "witnessed first-hand how disclosure of survivors' names hurts their ability to land acting jobs."  Doe Decl. ¶¶ 9, 13.  Plaintiff's factual showing exceeds "mere speculation," *Weinstein*, 484 F. Supp. 3d at 95, and weighs in favor of anonymity.

Fifth, "[c]ourts are less likely to grant a motion to proceed anonymously when the suit involves solely private parties, as compared to an action involving the government."  *Doe v. Townes*, No. 19 Civ. 8034, 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020).  This action involves private parties, weighing against anonymity.

Sixth, Defendant—who does not object to Plaintiff's request—knows Plaintiff's real identity, and the parties have agreed on procedures so that he is "not greatly prejudiced in his ability to conduct discovery."  *Gooding*, 2022 WL 1104750, at *7 (citation omitted).  This factor, therefore, weighs in favor of anonymity.  So does the seventh factor, as Plaintiff's identity has been kept confidential, with the exception of "her therapist and those close to her."  Mot. at 3; *see* Doe Decl. ¶¶ 8, 11; *Weinstein*, 484 F. Supp. 3d at 97.

By contrast, the eighth and ninth factors, which analyze the public's interest in disclosure, weigh against allowing Plaintiff to proceed via pseudonym.  "[L]awsuits are public events and the public has a legitimate interest in knowing the facts involved in them."  *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (citation omitted).  "While the public generally has an interest in protecting those who make sexual assault allegations so that they are not deterred from vindicating their rights, it does not [necessarily] follow that the public has an interest in maintaining the anonymity of every person who alleges sexual assault."  *Doe 1 v. Branca USA, Inc.*, No. 22 Civ. 3806, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022) (cleaned up).  Moreover, although anonymity is "favored where a suit raises purely legal, rather than factual, issues," Plaintiff's "allegations of sexual assault are factual in nature."  *Gooding*, 2022 WL 1104750, at *6.

The tenth factor is whether there are alternative mechanisms to protect Plaintiff's confidentiality available short of anonymity.  The Court concludes that there are not because "disclosure is a one-way street: once Plaintiff's identity is revealed, it will be impossible to conceal again."  *Gooding*, 2022 WL 1104750, at *7.

The Court is mindful that the prejudice to the parties and the public from permitting Plaintiff to proceed pseudonymously may change depending on the "particular stage of the litigation." *Sealed Plaintiff*, 537 F.3d at 190. Accordingly, courts have employed an "incremental approach" with the option to revisit the matter prior to trial. *Gooding*, 2022 WL 1104750, at *7 (collecting cases). But at this early stage of the litigation, the *Sealed Plaintiff* factors largely weigh in favor of allowing Plaintiff to proceed via pseudonym.

For the foregoing reasons, Plaintiff's motion to proceed pseudonymously is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 26.

SO ORDERED.

Dated: March 6, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge